Argued January 26, affirmed March 8, reconsideration denied April 13, petition for review denied April 20, 1976

## STATE OF OREGON, *Respondent,*
### *v.*
## WILLIAM EDWARD McEWEN, *Appellant.*
### (No. 90133, CA 5008)
#### 546 P2d 1120

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, C. J. and Foley and Lee, Judges.

LEE, J.

**LEE, J.**

Defendant appeals his conviction of escape in the second degree, ORS 162.155.[1]

Defendant was an inmate of the Oregon State Penitentiary assigned to the Portland Work Release Center. According to the stipulated facts, he failed to return from a work assignment and was apprehended four days days later in British Columbia. There was evidence that the defendant was intoxicated on the day he failed to return to the Center. Defendant's only recollection of that day was waking up in the back seat of a car in Vancouver, Washington after which he went to a tavern and began to drink.

Defendant contends that the trial court did not consider the evidence of voluntary intoxication to "negative" the culpability "element" of the crime charged.

ORS 161.095(1) provides:

> "(1) The minimal requirement for criminal liability is the performance by a person of conduct which includes a voluntary act or the *omission to perform* an act which he is capable of performing." (Emphasis supplied.)

The gravamen of the offense with which defendant is charged was his "omission to perform" the act of returning to custody. That meets the minimal requirement of ORS 161.095(1).

ORS 161.125(1) on which defendant relies provides:

> "(1) Drug use, dependence on drugs or *voluntary intoxication* shall not, as such, constitute a defense to a criminal charge, but in any prosecution for an offense, evidence that the defendant used drugs, or was depen-

---

[1] ORS 162.155 provides:

"(1) A person commits the crime of escape in the second degree if:

"(a) He uses or threatens to use physical force escaping from custody; or

"(b) Having been convicted or found guilty of a felony, he escapes from custody imposed as a result thereof; or

"(c) He escapes from a correctional facility.

"(2) Escape in the second degree is a Class C felony."

dent on drugs, or was intoxicated may be offered by the defendant whenever it is relevant *to negative* an element of the crime charged." (Emphasis supplied.)

In the instant case the trial judge stated in pertinent part:

"THE COURT: Well, considering the evidence then that has been produced by way of stipulation, and with an awareness that *voluntary intoxication is not a defense,* Mr. McEwen, I find you guilty of this particular offense. I find that the State has established each of the material elements that constitute and make up the crime of escape in the second degree beyond a reasonable doubt, and that you are guilty of that offense." (Emphasis supplied.)

The court was correct in stating that "voluntary intoxication is not a defense" to the offense charged.

We interpret the court's language simply as a statement that voluntary intoxication in any degree is not automatically a complete defense to a criminal charge.

The trial court did not say that voluntary intoxication, regardless of degree, can never "negative" an "element of the crime charged." ORS 161.125(1).

We find no error.

Affirmed.